AO 91 (Rev. 11/11) Criminal Complaint

Pakiz
RD

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Juan Diaz Rebollar<br>aka Adolfo Venses Bautista<br>aka Juan Diaz<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 2:24-mj-67<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 26, 2024__ in the county of __Logan__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal Re-Entry of a Removed Alien Subsequent to Conviction for Commission of an Aggravated Felony |

This criminal complaint is based on these facts:
See attached affidavit, which is fully incorporated herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Eric Merriman, Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __February 6, 2024__

_____
Kimberly A. Jolson
United States Magistrate Judge

City and state: __Columbus, OH__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE CRIMINAL COMPLAINT OF:<br><br>Juan Diaz Rebollar<br>AKA<br>Adolfo Venses Bautista<br>Juan Diaz | )<br>)<br>)  Case No.  2:24-mj-67<br>)<br>)<br>)<br>) |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, United States Immigration and Customs Enforcement (ICE) Deportation Officer Eric Merriman, being first duly sworn, depose and state as follows:

1. I am a Deportation Officer with more than ten (10) years of experience as a Deportation Officer with the United States Immigration and Customs Enforcement (ICE) and as a Border Patrol Agent with the U.S. Border Patrol. I am assigned to the Columbus, Ohio Office of Enforcement and Removals-Field Operations. I have investigated both criminal and administrative matters involving aliens in the United States. I have successfully completed the Deportation Officer Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA and the U.S. Border Patrol Agent Academy at FLETC in Artesia, NM.

My investigation has revealed the following facts:

2. Juan Diaz Rebollar is a citizen of Mexico. Diaz Rebollar is not a citizen of the United States and does not have legal status in the United States.

3. On or about March 17, 1998, the Polk County Circuit Court in Bartow, Florida convicted Diaz Rebollar for the felony offense of Trafficking in Methamphetamine and sentenced him to a term of 5 years imprisonment. Trafficking in Methamphetamine is an aggravated felony under 8 U.S.C. 1101(a)(43)(B).

4. On or about March 13, 2000, Diaz Rebollar was issued a Final Administrative Removal Order by a designated immigration official in Miami, FL pursuant to 237(a)(2)(A)(ii) of the Immigration and Nationality Act. On October 3, 2001, Diaz Rebollar was physically removed on that order at the Laredo, TX Port of Entry. On that day, Diaz Rebollar surrendered his fingerprint and photo for Immigration Form I-205 (Warrant of Removal/Deportation) and signed the same form. Immigration Officers witnessed Diaz Rebollar's departure and documented the departure by the way of signature on Immigration Form I-205.

1

5. On or about February 26, 2004, DIAZ Rebollar was encountered by ICE Officers at the Chowan County Detention Center in Edenton, NC. DIAZ Rebollar was served an I-871 indicating intent to reinstate the prior order of removal pursuant to INA section 241(a)(5).

6. On or about October 26, 2004, the United States District Court – Eastern District of North Carolina – Northern Division convicted Diaz Rebollar of 8 USC 1326(a) and (b)(2) and sentenced him to 46 months imprisonment.

7. On or about July 27, 2007, Diaz Rebollar was physically removed from the United States at the Del Rio, TX Port of Entry. On that day, Diaz Rebollar surrendered his fingerprint and photo for Immigration Form I-205 (Warrant of Removal/Deportation) and signed the same form. Immigration Officers witnessed Diaz Rebollar's departure and documented the departure by the way of signature on Immigration Form I-205.

8. On or about January 15, 2008, Homeland Security Investigations arrested Diaz Rebollar and served him an I-871 indicating intent to reinstate the prior order of removal pursuant to INA section 241(a)(5).

9. On or about July 9, 2008, the United States District Court – Eastern District of North Carolina convicted Diaz Rebollar of 8 USC 1326 and sentenced him to 96 months imprisonment.

10. On or about January 18, 2015, Diaz Rebollar was physically removed from the United States at the Brownsville, TX Port of Entry. On that day, Diaz Rebollar surrendered his fingerprint and photo for Immigration Form I-205 (Warrant of Removal/Deportation) and signed the same form. Immigration Officers witnessed Diaz Rebollar's departure and documented the departure by the way of signature on Immigration Form I-205.

11. On or about March 8, 2015, the United States Border Patrol in Bracketville, TX arrested Diaz Rebollar and determined he had illegally reentered the U.S. without inspection. ICE served him an I-871 indicating intent to reinstate the prior order of removal pursuant to INA section 241(a)(5).

12. On or about December 9, 2015, the United States District Court – Western District of Texas – Del Rio Division convicted Diaz Rebollar of 8 USC 1326 and sentenced him to 60 months imprisonment.

13. On or about February 25, 2020, DIAZ Rebollar was encountered by ICE Officers at the McRae Correctional Facility in McRae-Helena, GA. DIAZ Rebollar was served an I-871 indicating intent to reinstate the prior order of removal pursuant to INA section 241(a)(5).

14. On January 26, 2023, Diaz Rebollar was encountered by ICE officers at the Logan County Jail in Bellefontaine, OH. It was determined after a verification of records and fingerprints that Diaz Rebollar had previously been ordered removed from the United States and that

he is subject to prosecution for illegal re-entry, having been found in the United States after being barred from reentering at any time following his most recent removal in 2020.

15. Your affiant submits that the above facts establish probable cause that Diaz Rebollar has committed a violation of 8 U.S.C. 1326(a) and (b)(2), that is, Diaz Rebollar is an alien who has been denied admission, excluded, deported, removed, or has departed the United States while an order of exclusion, deportation or removal was outstanding; whose removal was subsequent to a conviction for commission of an aggravated felony; who thereafter entered, attempted to enter, or at any time was found in the United States; and who did not have consent from the Attorney General or the Secretary of Homeland Security to reapply for admission so the United States.

Eric Merriman
Deportation Officer
Immigration and Customs Enforcement

Sworn before me and subscribed in my presence on this ____ day of February, 2024.

Kimberly A. Jolson
United States Magistrate Judge

3